GARTH, Circuit Judge,
dissenting.
I must respectfully dissent from the majority opinion.
The sole issue presented on this appeal is whether the Pennsylvania remedies available to minority dissenting shareholders in a pre-merger transaction are available to the dissenters after the merger has taken place, i.e. in a post-merger context. The majority, in its opinion, has held that there is no difference. I disagree. Pennsylvania has clearly distinguished between pre-merger and post-merger remedies, and has stated by statute and in decisional law that in a post-merger context, dissenting stockholders have only one remedy. That remedy is a statutory appraisal.
As a court sitting in diversity, we are “bound to follow state law as announced by the highest state court,” and to the extent that “the state’s highest court has not addressed the precise question presented, we must predict how the state’s highest court would resolve the issue.” Wayne Moving & Storage of N.J., Inc. v. Sch. Dist. of Phila., 625 F.3d 148, 154 (3d Cir.2010) (citations, internal quotation marks, and alterations omitted). Here, the Pennsylvania Supreme Court has announced unambiguously in In re Jones & Laughlin Steel Corp. (Jones II), 488 Pa. 524, 412 A.2d 1099, 1102 (1980), that statutory appraisal is “to be the exclusive post-merger remedy available to dissenting stockholders.” (Emphasis added).
The subject of this appeal is a purely Pennsylvania merger transaction, and is governed only by Pennsylvania law. In this case, the minority shareholder, Mitchell Partners, L.P., took no action challenging the merger before the merger was completed. After the merger was completed, then and only then, did it seek remedies in addition to a statutory appraisal of the stock — all in derogation of the Pennsylvania Corporation Law of 1988, § 1105, (codified at 15 Pa. Cons.Stat. § 1105).
The majority, however, has held that the interpretation of the relevant Pennsylvania statutes has not yet been addressed by the Pennsylvania Supreme Court and it “predicts,” (not by referring to Pennsylvania law, but relying on Delaware law,) the Pennsylvania statute’s intent and meaning.
I cannot agree that the “prediction” is necessary, in light of Jones II, supra.[1]
*218 I.
The pertinent provision of the Pennsylvania Business Corporation Law of 1988 (1988 BCL) § 1105 (codified at 15 Pa. Cons.Stat. § 1105), provides in relevant part:
A shareholder of a business corporation shall not have any right to obtain, in the absence of fraud or fundamental unfairness, an injunction against any proposed plan ..., nor any right to claim the right to valuation and payment of the fair value of his shares because of the plan ..., except that he may dissent and claim such payment if and to the extent provided in Subchapter D of Chapter 15 (relating to dissenter rights) where this subpart especially provides that dissenting shareholders shall have the rights and remedies provided in that subchapter. Absent fraud or fundamental unfairness, the rights and remedies so provided shall be exclusive....
(Emphasis added; footnote omitted.) This section refers to Subchapter D of Chapter 15, codified at 15 Pa. Cons.Stat. §§ 1571-1579, which outlines the process through which dissenting shareholders may seek a statutory appraisal, i.e., a judicial determination of “fair value” of their shares.
In Jones II, the Pennsylvania Supreme Court held that the fair-value appraisal proceeding was intended “to be the exclusive post-merger remedy available to dissenting shareholders.” Id. at 1102 (emphasis added). The Court in Jones II rejected the plaintiffs’ efforts to obtain additional relief from the appraisal court, concluding that even if the plaintiffs could assert a viable claim for breach of fiduciary duty, it would be “insufficient to confer jurisdiction upon an appraisal court acting pursuant to § 515[2] to determine the validity of the transaction.” Id. at 1103.
Although the immediate issue before Jones II was whether minority shareholders could seek to enjoin a merger or recover damages for fiduciary breaches in a post-merger appraisal proceeding, the Supreme Court of Pennsylvania did not limit the scope of its holding to just appraisal-court proceedings or claims in equity. It observed that while Pennsylvania case law “recognize[s] the right of shareholders to enjoin proposed unfair or corporate aetions[,] ... [i]n each case where this power was exercised it was in an action in equity instituted prior to the consummation of the proposed transaction.” Id. at 1104 (emphasis added).
The Jones II appellants had “failed to take any action to prevent the merger despite the period of almost a full month in which they could have acted” and “did not seek a rescission of the merger for at least three and one-half months following its consummation.” Id. The Court therefore held:
“We are not unmindful of the grave unfairness and fraud frequently present in mergers of this type, especially where there is a ‘cash-out’ of the minority shareholders.... Our concern, however, does not change the view that appellants’ post-merger remedies were limited to the appraisal of the fair value of their stock.”
Id. (emphasis added).
In so holding, the Pennsylvania Supreme Court affirmed the decision of the Superior Court of Pennsylvania, which had determined that “[b]y providing that the appraisal remedy ‘shall be exclusive’ the legislature must have intended to avoid the difficulties as it saw them to be that would be experienced if the remedy was regarded as only an alternative to an ac *219 tion for rescission.” In re Jones & Laughlin Steel Corp. (Jones I) 263 Pa.Super. 378, 398 A.2d 186, 192 (1979). That being so, the Superior Court had concluded that section 515K “clearly manifests the legislative intent to bar all actions except for an appraisal after the merger had been consummated.” Id. at 192 n. 14 (emphasis added).[3]
In other words, as has been pointed correctly out to us: this suit “is precluded by Pennsylvania’s carefully considered statutory dissenters’ rights scheme under which a dissenting shareholder may bring an injunctive action alleging fraud or fundamental unfairness to prevent a merger before it takes place, but may not sit on its rights, allow the merger to proceed, and then seek to evade the statutory appraisal remedy. The exclusive remedy available to a dissenting shareholder in these circumstances is an appraisal proceeding.” Appellees’ Brief at 17.
II.
We considered the import of the Jones trilogy in Herskowitz v. Nutri/System, Inc., 857 F.2d 179 (3d Cir.1988). In Herskoivitz, shareholders of a corporation challenged a leverage buyout by filing suit against the corporation’s management, alleging misrepresentation and unfair consideration resulting from self-dealing by fiduciaries. Management, relying on the Jones cases, argued that section 515K “excluded all post-merger remedies, including remedies for misrepresentation and for breach of fiduciary duty.” Id. at 186 (emphasis added). However, we distinguished Herskowitz from Jones I and Jones II, noting that while the Jones cases dealt with a “post-merger appraisal suit,” “this [the Herskowitz case] was commenced at the pre merger stage,” (emphasis added), which rendered it analogous to and on all fours with Jones III. Id. at 186-87. (See note 2, supra).
In the wake of the Jones cases, ensuing decisions have preserved the distinction between minority-shareholder suits filed pre-merger as opposed to those filed post-merger. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 224 (3d Cir.2005) (“federal court may consider lower state court precedents to be ... predictive.”). E.g., Warden v. McLelland, 288 F.3d 105 (3d Cir.2002) (allowing a pre-merger injunction because the action was filed before the merger, “a critical distinction” from Jones II, where the action was filed after the merger); Dower v. Mosser Indus., Inc. 648 F.2d 183, 189 (3d Cir.1981) (construing Jones II as dictating that “[u]nder Pennsylvania law, ... a minority shareholder may act before a merger to seek an injunction.” (emphasis added)); Barter v. Diodoardo, 771 A.2d 835, 838 (Pa.Super.2001) (holding that suit for rescission of merger was not precluded by Jones II because “at the time the [minority shareholder] brought suit seeking injunctive relief the merger was not yet effective ”) (emphasis added); Shapiro v. Berwind Corp., 13 Pa. D & C.3d 647, 650 (Pa.Com.Pl.1980) (dismissing minority shareholders’ post-merger fiduciary-breach claim because Jones I “interprets section 515K to manifest the legislative intent to bar all actions except for an appraisal after the merger has been consummated.”).[4]
*220 The policy arguments that the majority opinion relies upon to the exclusion of precedent are matters reserved for the Pennsylvania legislature — not our court— to consider. Nor are such Pennsylvania considerations the province of the Delaware legislature.
III.
Section 1105 of the Pennsylvania Business Corporation Law underwent a change in 1988 that neither the Jones cases nor Herskowitz had occasion to address. Although the language added may at first glance appear to authorize suits such as Mitchell Partners’, the amendment, which added only one clause — “a shareholder shall not have any right to obtain, in the absence of fraud or fundamental unfairness, an injunction against any proposed plan or amendment •... ” — did no more than reenact the existing appraisal statute. Both the plaintiff and the defendant, as the majority opinion recites, agree that it did not substantively alter the predecessor statute.[5] Maj. op., 209-10. Accordingly, the majority now also agrees that any interpretation of the present statutes must look to the predecessor provisions.
The amending clause appears in the 1988 amendment as “a shareholder shall not have any right to obtain, in the absence of fraud or fundamental unfairness, an injunction against any proposed plan or amendment....” (emphasis added). As I have pointed out, that provision has been interpreted by the Pennsylvania Supreme Court to refer to pre-merger transactions only. The revised statute did no more than codify the principle that a shareholder could seek an injunction to prevent any proposed corporate plan with fraud or fundamental unfairness, providing that any action was brought prior to the completion of the merger. Accordingly, plaintiff shareholders who had filed their action after the merger was completed, i.e. post-merger, could not benefit from the amendment.
Thus, the amended statute retained the distinction that the Jones II court had made explicit — the “fraud or fundamental unfairness” clause and exception is confined to the pre-merger context. Pennsylvania courts have consistently upheld that principle, and thus we are bound to apply Pennsylvania’s precedents.
IV.
In conclusion, I would affirm the District Court’s order which dismissed the plaintiffs complaint because: 1) we are bound to follow Pennsylvania law; 2) Pennsylvania law is unequivocal that there is a premerger/post-merger difference; 3) the only remedy available to a dissenting minority stockholder who files a post-merger complaint is that of statutory appraisal; 4) Jones II provides the substantive law hold *221 ing that statutory appraisal is available as the exclusive post-merger remedy; 5) the 1988 amendment to § 1105 did not modify the predecessor statute; 6) our decision in Herskowitz is consistent with the principle announced in Jones II, inasmuch as Herskowitz was a pre-merger case; 7) Delaware statutes, law, and policy have no place in our analysis.
Because I find the majority’s decision 180 degrees at odds with the Pennsylvania governing law, I respectfully dissent.

. However, if a prediction were to be deemed necessary, the majority’s prediction under Pennsylvania law is flawed. See text, infra. Moreover, if indeed the majority harbored doubts about the intent and meaning of Pennsylvania law, it should have certified this appeal to the Pennsylvania Supreme Court under Third Circuit Local Appellate Rule Mise. 110 and Internal Operating Procedure 10.9. It has declined to do so.

. The fair-value appraisal proceeding was outlined in section 515 of the then-effective Pennsylvania Business Corporation Law of 1933 (1933 BCL) — codified at former 15 Pa. Cons.Stat. § 1515K, one of the predecessors to current 15 Pa. Cons.Stat. § 1105.

. In a later iteration of the Jones litigation, Jones III, but in a pre-merger context, the Pennsylvania Superior Court held that a separate class action seeking relief for "unfair or fraudulent corporate actions,” which arose out of the same merger at issue in Jones I and Jones II, could be pursued. In re Jones & Laughlin Steel Corp. (Jones III), 328 Pa.Super. 442, 477 A.2d 527, 532 (1984). However, as the Pennsylvania Supreme Court had earlier emphasized in Jones II, the separate class action discussed in Jones III had been filed "[pjrior to the merger’s consummation." Jones II, 412 A.2d at 1101 (emphasis added).

. The same distinction is reflected in the decisional law of two other States that have enacted corporate statutes providing, without ex *220 ception, that statutory appraisal is dissenting shareholders’ lone remedy. See Steinberg v. Amplica, Inc., 42 Cal.3d 1198, 233 Cal.Rptr. 249, 729 P.2d 683, 685, 694 (1986) (considering whether California appraisal statute, which denies dissenting shareholder "any right at law or in equity" to challenge completed short-form merger, "is the exclusive remedy for a shareholder who alleges that his shares were undervalued because of fraud and breach of fiduciary duty by the majority stockholders,” and concluding that “the section prohibits an action for damages based on the fact that a merger has taken place”); Yanow v. Teal Indus., Inc., 178 Conn. 262, 422 A.2d 311, 318 (1979) (affirming dismissal of claims of objecting shareholder, who sought accounting, damages, and nullification of merger on account of defendants’ alleged corporate wrongs, in light of "the specific exclusivity of the appraisal remedy envisioned by the Connecticut [appraisal] statute”).

. After oral argument, we sought supplemental memoranda from both parties discussing the 1988 amendment. Both parties agreed that the amendment made no substantive change to the earlier statutes.